UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SURAJIT KUMAR CHATTERJEE,

    Plaintiff,

v.                                        Case No:   2:12-cv-572-FtM-38DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court the Plaintiff, Surajit Kumar Chatterjee's Petition for Attorney Fees (Doc. 24) filed on April 18, 2014.  The Commissioner has agreed to the relief requested. (See, Doc. 24, p. 2).   Plaintiff is requesting $5,419.72 pursuant to the Equal Access to Justice Act, "(EAJA"), 28 U.S.C. §2412(d).   Plaintiff proceeded *in forma pauperis* (Doc. 4), and therefore did not incur any costs.

On January 14, 2014, this Court entered a Report and Recommendation (Doc. 21) recommending that this matter be reversed and remanded "to the Commissioner of Social Security pursuant to 42 U.S.C. §405(g) in order for the Commissioner to (1) properly weigh the medical evidence from Dr. Kini; (2) fully and fairly develop the record; and (3) set forth factual findings as to the demands of Plaintiff's past relevant work and Plaintiff's ability to perform his past relevant work with his limitations. If necessary, the Commission may proceed to Step 5 of the sequential evaluation process and obtain the assistance of a vocational expert."   (Doc. 21). On February 3, 2014, the Honorable Sheri Polster Chappell, United States District Judge entered an Order (Doc. 22) which adopted, confirmed, and approved the Report and Recommendation and

reversed the decision of the Commissioner of Social Security and remanded the action for further administrative action consistent with the Report and Recommendation. (Doc. 22, p. 3).

In order for Plaintiff to receive an award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that Plaintiff met the requirements under EAJA and the Court determines that all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque,* 505 U.S. 557, 562 (1992). Plaintiff's counsel expended 29.10 hours to date. After reviewing the description of services provided, the Court determines that 29.10 hours is reasonable in this case.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing

market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff is requesting an hourly rate of $184.91 for the year 2012; $186.29 for the year 2013; and $188.25 for the year 2014. The Court determines that these hourly rates are appropriate.

Plaintiff seeks $5419.72 for attorney fees. The Court determines that 29.1 hours of attorney time at the hourly rates of $184.91, $186.29, and $188.25 are reasonable. Therefore, the Court will recommend that Plaintiff be awarded the amount of $5,419.72.

Filed separately in a Notice of Filing EAJA Assignment (Doc. 25), is an Assignment of EAJA Fees (Doc. 25-1) signed by Plaintiff. In the Assignment (Doc. 25-1) Plaintiff assigns all right, title and interest in any attorney's fees awarded under EAJA to his counsel or law firm.

**IT IS RESPECTFULLY RECOMMEDED:**

The Petition for Attorney Fees (Doc. 24) be **GRANTED,** and attorney fees in the amount of $5,419.72 be awarded to Plaintiff, and may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 21, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties